JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
KAMLESH BANGA

## DEFENDANTS
EXPERIAN INFORMATION SOLUTIONS, KOHLS, FIRST USA, NA & DOES 1 THROGH 10 INCLUSIVE.

(b) County of Residence of First Listed Plaintiff  SOLANO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  CALIFORNIA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

PLAINTIFF IN PRO PER

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question (U.S. Government Not a Party)
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | [x] 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| [x] 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C 1681a - 1681u, et al.

Brief description of cause:
EXPERIAN, KOHLS, AND FIRST USA, NA VIOLATED FCRA AS TO PLAINTIFF.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 350,000
CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
[x] SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE  08/29/08

SIGNATURE OF ATTORNEY OF RECORD
[signature]

Kamlesh Banga
P.O. Box 6025
Vallejo, CA 94591

Plaintiff in Pro Per
(707) 342-1692

**FILED**
AUG 29 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

KAMLESH BANGA,

                Plaintiff,

vs.

EXPERIAN INFORMATION SOLUTIONS;
KOHLS; FIRST USA, NA, and Does 1
through 10 inclusive.

                Defendants

CASE NO.: C08-04147 BZ

COMPLAINT

ADR

JURY TRIAL DEMANDED

INTRODUCTION

This lawsuit involves the willful, knowing, and/or negligent violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681u *et seq.*, California Consumer Credit Reporting Agencies Act ("CCCRA"); and California Unfair Business Practices Act et al which relates to the dissemination and the wrongful retrieval Plaintiff's consumer credit and other financial information. This action also arises for damages from Defendant Experian Information Solutions, Inc's failure to comply with the terms of the Settlement Agreement entered between the parties on April 23, 2007 in the United States District Court for the Northern District of California in the matter

1

COMPLAINT

known as *Banga v. Experian Information Solutions, Inc.* -C05-4417 MMC – filed on October 31, 2005.

## JURISDICTION AND VENUE

1.      The Court has jurisdiction of this litigation pursuant to the FCRA, 15 U.S.C. §1681p and 28 U.S.C. §1331. Jurisdiction over plaintiff's supplemental State law cause of action exists under 28 U.S.C. § 1367. Venue is proper in this Court pursuant to 15 U.S.C. §§1391(b).

## TRIAL BY JURY

2.      Plaintiff is entitled to and hereby requests a trial by jury. US Const. amend. 7. Fed. R. Civil Procedure 38.

## REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES

3.      Plaintiff respectfully requests that this Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against Defendants under federal and state laws.

## PRELIMINARY STATEMENT

4.      Defendant Experian Information Solutions, Inc. ("Experian") sells two types of products.  First, as a credit reporting agency, it compiles credit reports about individual consumers from credit information it collects from banks, credit card companies, and other lenders. It then sells these credit reports to lenders, employers, and insurance companies. Experian receives credit information from lenders in the form of "tradlines."  A tradeline typically includes a customer's name, address, date of birth, telephone number, Social Security number, account type, opening date of account, credit limit, accounts status, and payment history. Experian sells credit and demographic information on 225 million consumers and 20 million businesses in the United States.

5      Plaintiff is, now, at all times mentioned in the Complaint, a resident of the State of California.

6.      Experian is a foreign corporation licensed to do business in the State of California and has corporate headquarters at 475 Anton Blvd., Costa Mesa, CA 92626.

7. Defendant Kohls is a chain of clothing stores, licensed to do business in the State of California and has corporate headquarters at N56 W17000 Ridgewood Drive, Menomonee Falls, WI 53051.

8. Defendant First USA, NA ("First USA"). is a credit card company, licensed to do business in the State of California and has corporate headquarters at 3 Christina Centre, 201 N. Walnut Street, Wilmington, DE 19801.

9. The Fair Credit Reporting act of 1970 ("FCRA"), 15 U.S.C. §§ 1681a-1681u, regulates consumer reporting agencies like Experian, imposing various obligations to protect the privacy and accuracy of credit information. The Federal Trade Commission, acting pursuant to its authority to enforce the FCRA, see 15 U.S.C. §§ 1681s (a), determined that Experian's target marketing lists were "consumer reports" subject to the Act's limitations.

10. On or about April 14, 2003, Ms. Banga had a promotional block on her consumer file for all preapproved offers mailing lists by credit grantors which prohibited Experian from selling her consumer report to any creditors for promotional purposes. On July 10, 2003, plaintiff signed OPT OUT request for permanent exclusion of her consumer file from all preapproved credit offers mailing lists by credit grantors.

11. Experian violated FCRA when it sold Ms. Banga's credit report to former creditors for "account review" with whom she no longer had any account. Experian further violated FCRA when it repeatedly sold Plaintiff's credit report for promotional purposes since her consumer file was permanently excluded from all preapproved credit offers mailing lists.

12. Defendant Kohls violated FCRA when it impermissibly accessed Ms. Banga's credit report for account review purposes since there was no such account existed.

13. Defendant First USA violated FCRA when it impermissibly accessed Ms. Banga's credit report for account review purposes since there was no such account existed.

14. Plaintiff is unaware of the true names and capacities of the defendant(s) sued as Does 1 through 10 inclusive, and therefore sue these defendant(s) for the violations of rights under the Fair Credit Reporting Act; California Consumer Credit Reporting Agencies Act ("CCCRA"); California Unfair Business Practices Act; Impermissible Disclosure of Consumer Reports, Unwarranted Intrusion of Privacy; and Intentional Infliction of Emotional Distress.

## STATEMENT OF FACTS

15. Plaintiff is a former credit card holder of Kohls. In the year of 2006, Plaintiff applied and received a credit card from Kohls. On January 28, 2007, Plaintiff contacted Kohls and requested to close her credit card. A few days later she received a confirmation from Kohls that her account with it had been closed.

16. When Kohls requested and obtained a consumer report on Ms. Banga on or about February 10, 2007, Kohls represented to Experian that the request was for "account review" purposes. As of February 10, 2007, the trade line for Kohls maintained by Experian for Ms. Banga's consumer file showed that Ms. Banga's account was already closed.

17. When Kohls requested and obtained a consumer report on Ms. Banga on or about May 24, 2007, Kohls represented to Experian that the request was for "account review" purposes. As of May 24, 2007, the trade line for Kohls maintained by Experian for Ms. Banga's consumer file showed that Ms. Banga's account was already closed.

18. Plaintiff is a former credit card holder of First USA. Several years ago, Plaintiff applied and received a credit card from First USA. In July of 2004, Plaintiff contacted First USA and requested to close her credit card. That account had been closed, however, as was reflected on Experian's own records.

19. When First USA requested and obtained a consumer report on Ms. Banga on or about November 20, 2006, it represented to Experian that the request was for "account review" purposes. As of November 20, 2006, the trade line for First USA maintained by Experian for Ms. Banga's consumer file showed that Ms. Banga's account was already closed.

4

COMPLAINT

20.     When First USA requested and obtained a consumer report on Ms. Banga on or about January 6, 2008, it represented to Experian that the request was for "account review" purposes. As of January 6, 2008, the trade line for First USA maintained by Experian for Ms. Banga's consumer file showed that Ms. Banga's account was already closed.

21.     Plaintiff is also a former borrower of Cal State 9 Credit Union ("Credit Union"). In December of 1995, Ms. Banga had Home Access Loan Transaction in which she sought and received financing from Credit Union. On June 18, 1998, Ms. Banga's account was closed after being paid in full and the trade line for Credit Union maintained by Experian for Ms. Banga's consumer report file reflected that Plaintiff's account was closed.

22.     When Credit Union requested and obtained a consumer report on Ms. Banga on or about October 21, 2002, it represented to Experian that the request was for "account review" purposes. As of October 21, 2002, the trade line for Credit Union maintained by Experian for Ms. Banga's consumer file showed that Ms. Banga's account was already closed.

23.     When Credit Union requested and obtained a consumer report on Ms. Banga on or about October 22, 2003, it represented to Experian that the request was for "account review" purposes. As of October 22, 2003, the trade line for Credit Union maintained by Experian for Ms. Banga's consumer file showed that Ms. Banga's account was already closed.

24.     Plaintiff is a former borrower of World Savings & Loan Association ("World Saving"). In 1989, she obtained a mortgage from World Savings. On June 22, 1998, Ms. Banga's account was closed with World Savings after being paid in full and the trade line for World Savings maintained by Experian for Plaintiff's consumer report file reflected that Ms. Banga's account was closed.

25.     When World Savings requested and obtained a consumer report on Ms. Banga on or about June 18, 2003, it represented to Experian that the request was for "account review" purposes. As of June 18, 2003, the trade line for World Savings

maintained by Experian for Ms. Banga's consumer file showed that Ms. Banga's account was already closed.

26. When World Savings requested and obtained a consumer report on Ms. Banga on or about June 24, 2003, it represented to Experian that the request was for "account review" purposes. As of June 24, 2003, the trade line for World Savings maintained by Experian for Ms. Banga's consumer file showed that Ms. Banga's account was already closed.

27. When World Savings requested and obtained a consumer report on Ms. Banga on or about June 30, 2003, it represented to Experian that the request was for "account review" purposes. As of June 30, 2003, the trade line for World Savings maintained by Experian for Ms. Banga's consumer file showed that Ms. Banga's account was already closed.

28. When World Savings requested and obtained a consumer report on Ms. Banga on or about November 24, 2003, it represented to Experian that the request was for "account review" purposes. As of November 24, 2003, the trade line for World Savings maintained by Experian for Ms. Banga's consumer file showed that Ms. Banga's account was already closed.

29. On April 23, 2007, Ms. Banga and Experian entered into settlement agreement in the United States District Court for the Northern District of California in the matter known as *Banga v. Experian Information Solutions, Inc.* C05-4417 MMC – filed on October 31, 2005. Experian agreed that it would no longer sell Plaintiff's credit information for impermissible purposes under the FCRA. Notwithstanding with this settlement agreement, on July 11, 2007, Experian once again provided Ms. Banga's credit information to World Savings for litigation purposes.

30. Plaintiff placed a permanent promotional block on her credit report which prohibited Experian from selling her consumer report to any creditors for promotional purposes. Nevertheless, Experian sold plaintiff's credit report for known and unknown purposes to the following companies: 123LOAN; CCSI, CCA; Capital One Bank; Champion Mortgage Company; Choice Financial Funding, Inc.; Home

6
COMPLAINT

Owners Loan Corp; Platinum Master Card; SouthBanc Mortgage; US Lending Group; and US Bank.

31.  On April 23, 2007 by executing the settlement agreement, Experian also agreed that it would no longer sell Plaintiff's credit information for impermissible purposes under the FCRA. Notwithstanding with this settlement agreement, on May 24, 2007, Experian once again sold Ms. Banga's credit information to CCSI.

### FIRST CAUSE OF ACTION
### Kohls' Willful/Negligent Wrongful Procurement of Credit Report

32.  The allegations set forth in paragraphs 1 through 31 are realleged and incorporated herein by reference, and Plaintiff is informed and believes and on that basis alleges for a first cause of action as follows:

33.  As of February 10, 2007 and again on or about May 24, 2007, Kohls knew or should have known that Ms. Banga had no account with Kohls; however, Kohls intentionally misrepresented the purpose of its request on Ms. Banga was for account review.

34.  Kohls' willful and wrongful procurement of Ms. Banga's consumer report under false pretenses from Experian on or about February 10, 2007 and again on or about May 24, 2007, constituted a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681n.

35.  Kohls' negligent and wrongful procurement of Ms. Banga's consumer report under false pretenses from Experian on or about February 10, 2007 and again on or about May 24, 2007, constituted a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681o.

36.  Kohls' willful/ negligent and wrongful use of misrepresentations to obtain information form Experian about Ms. Banga further constituted a violation of the Cal. Civil Code §1785.20. 1.

37.  As a result of Kohls' willful/negligent misrepresentations, Ms. Banga suffered mental anguish over the wrongful dissemination and use of her credit reports.

38.  Ms. Banga seeks damages against Kohls for actual damages including damages for emotional suffering and distress, punitive damages, the costs of bringing this action; and the reasonable attorney's fees for bringing this action, if she retains an attorney during the pendency of this action.

7

COMPLAINT

## SECOND CAUSE OF ACTION
### First USA's Willful/Negligent Wrongful Procurement of Credit Report

39. The allegations set forth in paragraphs 1 through 38 are realleged and incorporated herein by reference, and Plaintiff is informed and believes and on that basis alleges for a second cause of action as follows:

40. As of November 20, 2006 and again on or about January 6, 2008, First USA knew or should have known that Ms. Banga had no account with First USA; however, First USA intentionally misrepresented the purpose of its request on Ms. Banga was for account review.

41. First USA's willful and wrongful procurement of Ms. Banga's consumer report under false pretenses from Experian on or about November 20, 2006 and again on or about January 6, 2008, constituted a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681n.

42. First USA's negligent and wrongful procurement of Ms. Banga's consumer report under false pretenses from Experian on or about November 20, 2006 and again on or about January 6, 2008, constituted a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681o.

43. First USA's willful/ negligent and wrongful use of misrepresentations to obtain information form Experian about Ms. Banga further constituted a violation of the Cal. Civil Code §1785.20. 1.

44. As a result of First USA's willful/negligent misrepresentations, Ms. Banga suffered mental anguish over the wrongful dissemination and use of her credit reports.

45. Ms. Banga seeks damages against First USA for actual damages including damages for emotional suffering and distress, punitive damages, the costs of bringing this action; and the reasonable attorney's fees for bringing this action, if she retains an attorney during the pendency of this action.

## THIRD CAUSE OF ACTION
### Experian's Willful Wrongful Distribution of Credit Report

46. The allegations set forth in paragraphs 1 through 45 are realleged and

8
COMPLAINT

incorporated herein by reference, and Plaintiff is informed and believes and on that basis alleges for a third cause of action as follows:

47. Experian is a consumer credit reporting agency within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f).

48. Under the Fair Credit Reporting Act, 15 U.S.C. § 1681b, Experian owed a duty to Plaintiff not to release credit-related information to outside parties unless such release is authorized by law or upon prior written authorization from Plaintiff.

49. Under the Fair Credit Reporting Act, 15 U.S.C. § 1681e, Experian owed a duty to Plaintiff to maintain reasonable procedures to insure that information was released only to entities and for the purposes permitted under 15 U.S.C. § 1681b.

50. Under the Fair Credit Reporting Act, 15 U.S.C. § 1681e, Experian owed a duty to Plaintiff not to furnish a consumer report to any person were it had reasonable grounds for believing that the consumer report would not be used for a purpose listed in 15 U.S.C. § 1681b.

51. At no time on or about February 10, 2007 and again on or about May 24, 2007, Plaintiff provided Experian written or oral permission to release any information about her credit file to Kohls.

52. At no time on or about November 20, 2006 and again on or about January 6, 2008, Plaintiff provided Experian written or oral permission to release any information about her credit file to First USA.

53. At no time on or about October 21, 2002 and again on or about October 22, 2003, Plaintiff provided Experian written or oral permission to release any information about her credit file to Credit Union.

54. At no time on or about June 18, 2003; June 24, 2003; June 30, 2003; November 24, 2003; and July 11, 2007, Plaintiff provided Experian written or oral permission to release any information about her credit file to World Savings.

55. Experian willfully breached the terms of the settlement agreement. Plaintiff was injured by Experian's willful breach of its duty and its failure to comply with the terms of the settlement agreement.

56. Experian's wrongful distribution of this information was a willful violation of the Fair Credit Reporting Act, and California Consumer Credit Reporting Act for which Plaintiff seek statutory and/or compensatory damages, including damages for emotional harm, and punitive damages and the costs of this action along with reasonable attorney's fees pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION
### Negligent Distribution of Credit Report

57. The allegations set forth in paragraphs 1 through 56 are realleged and incorporated herein by reference, and Plaintiff is informed and believes and on that basis alleges for a fourth cause of action as follows:

58. Experian is a consumer credit reporting agency within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f).

59. Under the Fair Credit Reporting Act, 15 U.S.C. § 1681b, Experian owed a duty to Plaintiff not to release credit-related information to outside parties unless such release is authorized by law or upon prior written authorization from Plaintiff.

60. Under the Fair Credit Reporting Act, 15 U.S.C. § 1681e, Experian owed a duty to Plaintiff to maintain reasonable procedures to insure that information was released only to entities and for the purposes permitted under 15 U.S.C. § 1681b.

61. Under the Fair Credit Reporting Act, 15 U.S.C. § 1681e, Experian owed a duty to Plaintiff not to furnish a consumer report to any person were it had reasonable grounds for believing that the consumer report would not be used for a purpose listed in 15 U.S.C. § 1681b. Experian breached its duties to Plaintiff. At a minimum, Experian's breaches were negligent.

62. Plaintiffs were injured by Experian's negligent breach of its duty. Kohls, First USA, Credit Union, and World Savings' retrieval of information about Plaintiff was made possible only by the wrongful release of confidential information by Experian.

63. Experian's wrongful distribution of this information was a violation of the Fair Credit Reporting Act, for which Plaintiffs seek compensatory damages and the

costs of this action along with reasonable attorney's fees pursuant to 15 U.S.C. § 1681o.

## FIFTH CAUSE OF ACTION
Willful/Negligent Sale of Credit Report For Promotional Purposes

64. The allegations set forth in paragraphs 1 through 63 are realleged and incorporated herein by reference, and Plaintiff is informed and believes and on that basis alleges for a fifth cause of action as follows:

65. The privacy statement provided at Experian's website does not advise consumers that it will sell the confidential information to third parties after one opted-out of the sale of his/her personal financial information to third parties of outside of its family of financial service providers. Accordingly, in the course and conduct of its business, Experian has willfully and/or negligently violated the provisions of the FCRA in the following respects:

- By willfully and/or negligently failing to provide consumer reports for a permissible purpose as required by § 1681b of the FCRA.

- By willfully and/or negligently failing to maintain reasonable procedures to ensure proper disclosure of information to third parties as required by §1681e.

- By willfully and/or negligently failing to maintain reasonable procedures to ensure compliance with consumer disclosure obligation as required by § 1681g.

66. On April 14, 2003 Plaintiff placed a promotional block on her credit report which prohibited Experian from selling her consumer report to any creditors for promotional purposes. On July 10, 2003, Plaintiff signed a Notice of Election to Opt Out request for permanent exclusion of her consumer file from all preapproved credit offer mailing lists by credit grantors. Nevertheless, Experian sold Plaintiff's credit report for known and unknown purposes to the following companies: 123LOAN; CCSI, CCA; Capital One Bank; Champion Mortgage Company; Choice Financial Funding, Inc.; Home Owners Loan Corp; Platinum Master Card; SouthBanc Mortgage; US Lending Group; and US Bank. Experian's failure to comply with the FCRA when it

furnished the Plaintiff's consumer report to the said credit grantors and its failure to otherwise comply with the FCRA was willful/negligent as contemplated under 15 U.S.C. §1681n of the FCRA. Not only Experian sold Plaintiff's credit report for promotional and unknown purposes but it also failed to provide telephone number so that Plaintiff was unable to find out under what circumstances her credit reports were procured.

67.    As a result of Experian's actions or omissions contrary to 15 U.S.C. §§ 1681b; 1681e and 1681g, Plaintiff is entitled to injunctive relief requiring Experian to adopt and implement reasonable procedures in compliance with the mandate of 15 U.S.C. §§ 1681b; 1681e and 1681g, in as much as the defendant's procedures pose an imminent threat of reoccurrence of injury to Plaintiff (ii) actual damages sustained by Plaintiff pursuant to 15 U.S.C. § 1681n(1); (iii) punitive damages pursuant to 15 U.S.C. § 1681n(2); and (iv) reasonable attorneys' fees and costs of suit pursuit to 15 U.S.C. § 1681n(3).

### SIXTH CAUSE OF ACTION
*Unfair Business Practices Act*
*Claim for Restitution and/or Disgorgement of Profits*

68.    The allegations set forth in paragraphs 1 through 67 are realleged and incorporated herein by reference, and Plaintiff is informed and believes and on that basis alleges for a sixth cause of action as follows:

69.    On April 14, 2003, Plaintiff placed a promotional block on her credit report which prohibited Experian from selling her consumer report to any creditors for promotional purposes. On July 10, 2003, Plaintiff signed OPT OUT request for permanent exclusion of her consumer file from all preapproved credit offers. Additionally, Experian's website further advised that it would protect Plaintiff's privacy in pertinent part:

/ / /
/ / /
/ / /

12

COMPLAINT

> "if we believe that a client is using Experian's information in a manner that does not comply with applicable laws, industry codes or contracts; we periodically review our clients' marketing materials to make sure their criteria are consistent with and appropriate for the intended use; we will pursue corrective action, up to and including termination of the relationship; we comply with all contractual restrictions placed on information provided to Experian; we comply with all laws and applicable self-regulatory guidelines; we maintain physical security for our facilities and limit access to critical areas; and we use a variety of security systems to safeguard the information we maintain and provide, et al."

70. Experian's conduct was deceptive because the privacy statement provided at its website does not advise customers that Experian will sell her confidential information to third parties outside of its family of financial service providers after one opted-out of preapproved offer mailing lists.

71. In the course and conduct of its business, Experian had conducted its business as contrary to its own specified policies when it sold Plaintiff's credit report for known and unknown purposes to the following companies: 123LOAN; CCSI, CCA; Capital One Bank; Champion Mortgage Company; Choice Financial Funding, Inc.; Home Owners Loan Corp; Platinum Master Card; SouthBanc Mortgage; US Lending Group; and US Bank. Defendant's sale of Plaintiff's private consumer reports to third party is an unlawful, unfair, fraudulent practice that constitutes unfair business practice under Business and Professions Code Section 17200[1].

72. The act, use or false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of consumer report, whether or not any person has in fact been misled, deceived, or damaged thereby, is enjoinable as provided herein. Experian's conduct described in the above paragraphs constitutes multiple, separate violations of the FCRA and state law. As a direct and proximate result of Experian's unfair business practice, Plaintiff is damaged.

---

[1] 17200. Unfair competition shall mean and include, any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.

13
COMPLAINT

73.     Experian's sale of Plaintiff's private consumer reports to former creditors is an unlawful, unfair, fraudulent practice that further constitutes unfair business practice under Business and Professions Code Section 17200. For each sale, former creditors represented to Experian that the credit report was needed for "account review purposes. On the contrary, Experian's own data showed that Plaintiff's account was closed and paid in full and unavailable to her, rendering the stated reason implausible. Possessed with information showing that the stated reason offered for purchasing Plaintiff's credit report was almost assuredly not true, Experian plowed ahead with the sale.

74.     Kohls and First USA's intentional misrepresentations to obtain Plaintiff's credit report for account review since there was no account existed from Experian is an unlawful, unfair, fraudulent practice that constitutes unfair business practice under Business and Professions Code Section 17200.

75.     In the course conduct of its business, Experian made profit by furnishing Plaintiff's credit reports to Kohls, First USA, World Savings, and Credit Union. Defendant further made profit by selling plaintiff's credit reports for preapproved offers to numerous companies, such as 123LOAN; CCSI, CCA; Capital One Bank; Champion Mortgage Company; Choice Financial Funding, Inc.; Home Owners Loan Corp; Platinum Master Card; SouthBanc Mortgage; US Lending Group; US Bank. Accordingly, Plaintiff is entitled to disgorgement of any contribution to defendant's profit resulting from defendant's sale of Plaintiff's credit reports.

76.     As a result of Defendants' acts and/or failure to act, Plaintiff suffered damages because she incurred expenses in buying her credit reports from Defendant and paid monthly fee for having a membership of Experian Credit Manager in order to monitor her consumer file. Defendants' acts and omissions alleged are violation of statutory requirements as described above, and therefore constitute a violation of California Business & Professions Code Section 17200 et seq. and Plaintiff is entitled to disgorgement of any contribution to defendants' profit resulting from defendants' unlawful acts or failure to act.

COMPLAINT

## SEVENTH CAUSE OF ACTION
*(Intentional Infliction of Emotional Distress)*

77. The allegations set forth in paragraphs 1 through 76 are realleged and incorporated herein by reference, and Plaintiff is informed and believes and on that basis alleges for a fifth cause of action as follows:

78. Experian's intentional intrusion upon the private affairs or concerns through the sale of confidential information to 123LOAN; CCSI, CCA; Capital One Bank; Champion Mortgage Company; Choice Financial Funding, Inc.; Home Owners Loan Corp; Platinum Master Card; SouthBanc Mortgage; US Lending Group; and US Bank is highly offensive to a reasonable person despite the fact, Plaintiff's credit file was excluded permanently for all preapproved offer mailing lists. Plaintiff relied on Defendant's Agreement that it would protect her privacy concerning her consumer report as described above.

79. In the course and conduct if its business, former creditors represented to Experian that the credit report was needed for "account review purposes. On the contrary, Experian's own data showed that Plaintiff's account was closed and paid in full and unavailable to her, rendering the stated reason implausible. Possessed with information showing that the stated reason offered for purchasing Plaintiff's credit report was almost assuredly not true, Experian plowed ahead with the sale. Defendant's conduct, as described herein, constituted an invasion of privacy of Plaintiff's solitude and seclusion which was offensive to any person of ordinary sensibilities. Said invasion was an unreasonable intrusion into the private life and matters of Plaintiff and constituted a public disclosure of private matters, and has damaged Plaintiff.

80. Experian's failure to comply with the FCRA when it sold the plaintiff's consumer report to Companies and its failure to otherwise comply with the FCRA was negligent, as contemplated under 15 U.S.C. §§ 1681o of the FCRA. As a result of said conduct by defendant, Plaintiff has been damaged.

COMPLAINT

81.   Plaintiff further suffered damages while she relied on Experian's Settlement Agreement executed on April 23, 2007 that it would comply with its terms and would cease selling plaintiff's credit report.

82.   Kohls and First USA's failure to comply with the FCRA when they intentionally misrepresented to Experian in order to obtain Plaintiff's credit report for account review since there was no account existed was an unreasonable intrusion into the private life and matters of Plaintiff and has damaged Plaintiff.

83.   As a direct proximate result of Experian's intentional intrusion upon the private affairs or concerns through the sale of confidential information, Plaintiff had suffered deep humiliation, embarrassment, anguish, indignity, and anger along with pecuniary harm.

## DAMAGES AND PENALTIES

WHEREFORE, Plaintiff respectfully requests a Judgment of this Court for each violation charged in the Complaint in her favor awarding her economic, compensatory, exemplary and punitive damages and all the relief as provided by law, attorney's fees if Plaintiff retains an attorney during the pendency of this action, equitable relief, the costs and disbursements of this action;

1.   Defendants have willfully, repeatedly and knowingly violated plaintiff's rights afforded to her under the Fair Credit Reporting Act and California Consumer Credit Reporting Agencies Act;

2.   Disgorgement of any contribution to profits resulting from defendant's failure to comply with California Business & Professions Code Sections 17200 *et seq;*

3.   Defendant's conduct constitutes a wanton and gross disregard for the law. Plaintiff requests punitive damages in the amount to be proven at trial;

4.   Plaintiff hereby seeks a trial by jury of any and all claims properly cognizable thereby;

5.   Any and all other relief to which Plaintiff may be entitled, including the right to amend this Complaint to add additional claims and/or additional parties after conducting appropriate discovery.

16

COMPLAINT

6. Based on the foregoing, Plaintiff requests the Court to enter judgment against Kohls in the amount of $50,000;

7. Based on the foregoing, Plaintiff requests the Court to enter judgment against First USA in the amount of $50,000;

8. Based on the foregoing, Plaintiff requests the Court to enter judgment against Experian in the amount of $250,000;

Respectfully Submitted;

Dated: August 29, 2008                       By: _____
                                                  KAMLESH BANGA
                                                  Plaintiff in Pro Per

## VERIFICATION

I, Kamlesh Banga, declare under penalty of perjury under the laws of the State of California that I am a plaintiff in the above-entitled action. I have read the Complaint and I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 29, 2008 in the County of Solano

                                             By: _____
                                                  KAMLESH BANGA
                                                  Plaintiff in Pro Per

17
COMPLAINT